Robert J. MAIETTA, Plaintiff–Appellant,

v.

John P. POTTER, Postmaster General, Defendant–Appellee,

Ida Castro, Chairman, Equal Employment Opportunity Commission, Defendant.

No. 02–6204.

United States Court of Appeals, Second Circuit.

July 3, 2003.

John W. Whittlesey, Chappaqua, NY, for Appellant.

Joseph Pantoja, Assistant United States Attorney (James B. Comey, United States Attorney for the Southern District of New York, Silvia L. Serpe and Jeffrey S. Oestericher, Assistant United States Attorneys, on the brief), New York, NY, for Appellee.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. PIERRE N. LEVAL, and Hon. ROBERT A. KATZMAN, Circuit Judges.

**SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED.**

Plaintiff-appellant Robert J. Maietta ("Maietta") appeals from the district court's August 6, 2002 judgment, following a bench trial, dismissing all of his claims against defendant pursuant to Fed. R.Civ.P. 52(a). We affirm.

In February 1999, Maietta filed this action against John E. Potter, in his capacity as the United States Postmaster General. In sum and substance, he alleged that the Postal Service discriminated against him on the basis of race and sex, and retaliated against him for various grievance filings, both in violation of Title VII of the Civil Right Act, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"). In reviewing the district court's judgment, we may overturn its findings of fact only if they are clearly erroneous. *See* Fed.R.Civ.P. 52(a). "Determinations as to the existence and cause of racial discrimination are findings of fact, and hence are subject to the clearly-erroneous standard of review." *Davis v. N.Y. City Hous. Auth.* 278 F.3d 64, 79 (2d Cir. 2002). A district court's finding is " 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948).

Maietta, a white male, has been a Postal Service employee since 1972. Various dis-

ciplinary actions were brought against Maietta by Postal Service supervisors, some of whom were black. Maietta contends that from the 1980s through 1992, the Postal Service discriminated against him by, *inter alia,* charging him with taking absence without leave, leaving the work area without permission, refusing a direct order, and, in 1992, suspending him indefinitely while charges for criminal assault were pending against him in Westchester County Court. After 1992, Maietta continued to be disciplined for various violations of workplace policy: (1) In May 1994, he was suspended for one week after saying "fuck you" to his supervisor Eula Keels, who is a black woman; (2) In an August 1996 memorandum by Paul Tartaglia (who is white) to John Davis (who is black), Tartaglia referred to Maietta's "checkered career" and "erratic and explosive behavior"; (3) In March 2000, he was suspended for seven days for use of profanity toward fellow employee Willa Braxton and supervisor Jerome Spear.

Much of plaintiff's argument on appeal is based on the magistrate judge's purported failure to acknowledge the discriminatory nature of defendant's conduct up to November 1992. We note, however, that only purported adverse employment actions taken after November 1992 could form the basis of liability in this case. At trial, the magistrate judge ruled that evidence regarding events that occurred prior to November 1992 was admissible for background purposes only and could not form the basis of liability. Maietta does not appeal that ruling. Consequently, insofar as he relies on evidence pre-dating November 1992 as a basis for liability, such reliance is misplaced. With respect to Maietta's claims that are based on post–1992 events, we conclude that the district court's finding that Maietta was not sub-jected to race or sex discrimination or retaliation is not clearly erroneous, and hence we affirm the dismissal of Maietta's complaint pursuant to Fed.R.Civ.P. 52(a).

The evidentiary burdens in a discrimination or retaliation case under Title VII are governed by the tripartite evidentiary scheme set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). When a plaintiff is unable to produce direct evidence of discrimination, he bears the initial burden of proving a *prima facie* case of discrimination or retaliation by a preponderance of the evidence. *See id.* at 802. Once plaintiff has made a *prima facie* case of discrimination or retaliation, the burden shifts to the defendant to provide a non-discriminatory explanation for its adverse employment action. *See Reeves v. Sanderson Plumbing Prods.,* 530 U.S. 133, 142, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). If the defendant meets this burden of production, plaintiff must then prove by a preponderance of the evidence that the legitimate reason proffered by defendant is a pretext for discrimination or retaliation. *See id.* at 143.

Magistrate Judge Yanthis, who heard the evidence at trial, found in favor of the defendant, concluding that Maietta failed to carry his burden of proving either discrimination or retaliation. With respect to both claims, the magistrate judge found that the Postal Service had established legitimate non-discriminatory reasons for its actions, and that Maietta had failed to show that any of those reasons were pretexts for discrimination or retaliation. Neither of these findings were clearly erroneous.

We have considered appellant's other arguments and find them to be without merit.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**